IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRANDON POWELL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL CASE NO. SA-26-CV-05102-FB |
| | § | |
| NATIONAL SKEET SHOOTING ASSOCIATION d/b/a National Sporting Clays Association, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Before the Court are Plaintiff's Emergency Application for a Temporary Restraining Order and Motion for a Preliminary Injunction (ECF Nos. 3), supplemental motion (ECF No. 6), and Defendant's response (ECF No. 7) in opposition thereto. After careful consideration, the Court is of the opinion that the application for a temporary restraining order should be denied.

BACKGROUND

Plaintiff Brandon Powell ("Plaintiff") earns his living coaching students and competing in sporting clays tournaments sponsored by Defendant National Skeet Shooting Association d/b/a National Sporting Clays Association ("NSCA" or "Association"). On August 6, 2026, NSCA suspended Plaintiff's membership in the Association until August 6, 2036, barred him permanently from eligibility for any NSCA recognition team, barred him permanently from eligibility for the NSCA Hall of Fame, and placed him on lifetime disciplinary probation.

The Association's stated reason for the disciplinary action was that Plaintiff's actions during a three-day competition in July of 2026 violated "NSCA's rules of conduct prohibiting unsportsmanlike conduct of any kind, including but not limited to . . . cheating, swearing, verbal or physical abuse of any shooter, scorer, field judge, shoot official or protest committee [member]" and was "harmful to the NSCA, its membership, and the sport as a whole." (ECF No. 1 at 11-12).

Plaintiff filed a diversity-based complaint (ECF No. 1) against the Association on August 10, 2026. He alleges the following causes of action: breach of contract, "arbitrary and capricious action and denial of fundamental fairness," and an alternative breach of the implied duty of good faith and fair dealing against the Association. Plaintiff seeks a declaratory judgment that NSCA's August 6 disciplinary ruling is void and unenforceable, a permanent injunction requiring the Association to restore and maintain Plaintiff's membership in good standing, damages to be determined at trial, attorney's fees and pre-and post-judgment interest.

Contemporaneous with the filing of his complaint, Plaintiff filed the pending motion for temporary restraining order and preliminary injunction. Plaintiff states that "[a]t the temporary restraining order stage he asks only for what is time-critical–an order restraining NSCA from giving effect to the suspension of his membership so that the may enter the 2026 NSCA U.S. Open and other events occurring before a preliminary injunction can be heard." (ECF No. 3 at 3). "At the preliminary injunction stage he asks additionally that the recognition-team ban, the Hall of Fame ban, and the lifetime probation be enjoined pending trial." (*Id.*). This order concerns Plaintiff's application for a temporary restraining order.

DISCUSSION

To obtain a temporary restraining order an applicant must satisfy the following four elements: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury; (3) the threatened injury outweighs any harm the order might cause to the defendant; and (4) the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). A temporary restraining order is meant only to "preserve, for a very brief time, the status quo, so as to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976). "If the currently existing status quo itself is causing one of the parties irreparable injury" it may be "necessary to alter the situation so as to prevent the injury . . . by returning to the last uncontested status quo between the parties." *Canal*

*Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974); *see also United States v. FDIC*, 881 F.2d 207, 210 (5th Cir. 1989) ("[T]he district court has the equitable power to return the parties to their last uncontested status.").

Plaintiff seeks a temporary restraining order returning the parties to the last uncontested status quo, which was that Plaintiff was a member in good standing with the Association. As noted, Plaintiff must demonstrate the temporary restraining order is necessary so as to avoid him irreparable injury pending a hearing on the issuance of a preliminary injunction.

Plaintiff has not met his burden. He asks the Court to issue a temporary restraining order "enjoining NSCA from giving effect to the suspension of his membership so he may enter the 2026 NSCA U.S. Open and other events occurring before a preliminary injunction can be heard." (ECF No. 3 at 3). The U.S. Open began on August 11, and Plaintiff does not identify any other events that he could enter before the Court can hear his motion for a preliminary injunction. Accordingly, the application for a temporary restraining order is denied. Plaintiff's request for a preliminary injunction will be referred by separate order to United States Magistrate Judge Henry J. Bemporad for consideration.

IT IS THEREFORE ORDERED that Plaintiff's Emergency Application for a Temporary Restraining Order (ECF No. 3) and Supplemental Emergency Application for a Temporary Restraining Order (ECF No. 6) are DENIED.

It is so ORDERED.

SIGNED this 12th day of August, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE