**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BRANDON POWELL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:26-cv-05102-FB |
| | § | |
| **NATIONAL SKEET SHOOTING ASSOCIATION d/b/a NATIONAL SPORTING CLAYS ASSOCIATION,** | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING TEMPORARY RESTRAINING ORDER [DKT. NO. 9] AND RENEWED APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Brandon Powell ("Powell") respectfully moves the Court, pursuant to Fed. R. Civ. P. 54(b) and the Court's inherent authority to reconsider interlocutory orders, to reconsider its Order Denying Motion for Temporary Restraining Order [Dkt. No. 9] and to grant a temporary restraining order of limited duration through the conclusion of the 2026 NSCA U.S. Open and until a hearing on a Preliminary Injunction can be had. In support, Powell shows the Court as follows:

## I. THE COURT'S MOOTNESS RULING RESTS ON A MANIFEST ERROR OF FACT

1. The Court denied Powell's Motion for Temporary Restraining Order (the "TRO") because "[t]he U.S. Open began on August 11, and Plaintiff does not identify any other events that he could enter before the Court can hear his motion for a preliminary injunction." [Dkt. No. 9 at 3.] That premise is factually incorrect in a material respect. Powell's initial filing incorrectly described the tournament schedule by referencing the August 11 start date of the broader tournament rather than the start dates of the individual competitions within it. Powell respectfully takes full responsibility for

that error and submits as Exhibit A the Unsworn Declaration along with the 2026 NSCA U.S. Open entry report and schedule to clarify the record.

2. As Powell's Unsworn Declaration and its Exhibit confirms, the 2026 NSCA U.S. Open runs from August 11 through August 16, 2026, and is partitioned into multiple distinct competitions. The U.S. Open Main Event — the competition of greatest significance to Powell's career standing, ranking, and sponsorship obligations — does not begin until Friday, August 14, 2026, and continues until August 16, 2026. Additional events for which Powell is registered include the FITASC-Krieghoff (Thursday, August 14, 8:30 AM), Super Sporting-Beretta (Thursday, August 14, 2:00 PM), and 5-Stand-Browning (Friday, August 15, 3:40 PM). These events have not yet occurred, and as such, Powell can still benefit from any injunctive relief entered in this matter both as to the remaining events in the competition and with respect to upcoming events.

## II. LEGAL STANDARD FOR RECONSIDERATION

3. The denial of a TRO is an interlocutory order subject to revision at any time before entry of final judgment. Fed. R. Civ. P. 54(b). Under Rule 54(b), "the court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Cabral v. Brennan*, 853 F.3d 763 n.3 (5th Cir. 2017). A motion to reconsider the denial of a TRO may also be granted upon a showing of "a manifest error of law or fact." *Garibay-Robledo v. Noem*, 810 F.Supp.3d 787, 792 (N.D. Tex. 2025). Here, the Court's mootness ruling rests on a factual premise, that the U.S. Open had already begun and no events remained. Powell's entry report demonstrates this factual recitation is incorrect. Again, Powell takes full responsibility for this factual error in his submissions to this Court. Nevertheless, the manifest error of fact warrants reconsideration by this Court.

## III. POWELL IS LIKELY TO SUCCEED ON THE MERITS

4. The remaining elements of the TRO standard are addressed in detail in the Emergency Application [Dkt No. 3] and are incorporated herein by reference. In addition to the facts and information contained in the Emergency Application, Defendant National Skeet Shooting Association d/b/a National Sporting Clays Association ("NSCA") does not deny that the bulk of the witness statements and the host club's submission were withheld from Powell before the Executive Council ruled. It answers that its Rules did not require disclosure. NSCA's Response in Opposition ¶ 19 (Breach Claim 7) [Dkt. No. 7]. But NSCA's own notice letter promised disclosure: "Upon receipt of any supplemental materials, copies will be forwarded to you so that you may review them and, if you choose, address them in your response." Ex. A-6 to NSCA's Response in Opposition [Dkt. No. 7]. The Northbrook materials arrived on July 15 and July 17, 2026. Exs. A-4, A-5 to NSCA's Response in Opposition [Dkt. No. 7]. Powell's response was not submitted until July 24, 2026. Consequently, NSCA had those materials in hand, with time to spare, and sent Powell nothing prior to the suspension.

5. Further, the charge did not inform Powell that his disciplinary history would be adjudicated as part of its determination. NSCA's July 14, 2026, notice letter charged only that Powell's "alleged conduct during the 2026 North Central Regional Championship held at Northbrook Sports Club." Ex. A-6 to NSCA's Response in Opposition [Dkt. No. 7]. It identified no other conduct, no other event, and no other date. Yet NSCA now defends the sanction on the ground that the Council acted on "Mr. Powell's conduct and history." Ex. A to NSCA's Response in Opposition, Hampton Decl. at ¶ 33 [Dkt. No. 7]. It is undisputed that Powell was serving no probation when the charged conduct occurred. Ex. A-24 to NSCA's Response in Opposition; Hampton Decl. ¶ 32 [Dkt. No. 7]. As such, Powell entered that event as a member in good standing with every prior sanction fully served.

## IV. RELIEF REQUESTED

This motion does not seek to disturb the Court's referral of the preliminary injunction to Magistrate Judge Bemporad. Powell seeks only the narrow, time-critical TRO relief that exists in the gap before a preliminary injunction hearing can be held, which is the purpose for which a temporary restraining order exists.

Powell respectfully requests that the Court reconsider its Order [Dkt. No. 9], enter a temporary restraining order of limited duration restraining NSCA from enforcing or giving effect to the suspension of Powell's membership and requiring NSCA to permit his participation as a member in good standing in the remaining events of the 2026 NSCA U.S. Open, set security in a nominal amount, and grant such other relief to which Powell may be justly entitled.

Respectfully submitted,

COKINOS | YOUNG

*/s/ Marshall B. Swanson*

Marshall B. Swanson
State Bar No. 24098490
10999 IH-10 West, Suite 800
San Antonio, Texas 78230
Tel: (210) 293-8752
E-mail: MSwanson@cokinoslaw.com

Stephen A. Hess
Colorado Bar No. 16899
THE LAW OFFICES OF
STEPHEN A. HESS, P.C.
111 South Tejon, Suite 102
Colorado Springs, Colorado 80903
Tel: (719) 471-4516
E-mail: stephen@stephenahess.com
(admitted pro hac vice)

***ATTORNEYS FOR PLAINTIFF BRANDON POWELL***

## CERTIFICATE OF CONFERENCE

Pursuant to W.D. Tex. Civ. R. 7(g) and Standing Order in Civil Cases Assigned to Judge Fred Biery B(2)(b), undersigned counsel conferred with counsel for Defendant on August 12, 2026, by email regarding the contents of this Motion. Counsel for Defendant is opposed to the relief sought in this Motion.

*/s/ Marshall B. Swanson*
Marshall B. Swanson

## CERTIFICATE OF SERVICE

I certify that on August 12, 2026, a true and correct copy of the foregoing was served on counsel of record for Defendant via the Court's CM/ECF system and by electronic mail.

*/s/ Marshall B. Swanson*
Marshall B. Swanson