**IN THE UNITED STATES DISTRICT CORT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BRANDON POWELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 5:26-CV-5102-FB** |
| **NATIONAL SKEET SHOOTING ASSOCIATION d/b/a NATIONAL SPORTING CLAYS ASSOCIATION,** | § § § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT NATIONAL SKEET SHOOTING ASSOCIATION D/B/A NATIONAL SPORTING CLAYS ASSOCIATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER [DKT. NO. 9] DENYING TEMPORARY RESTRAINING ORDER AND RENEWED APPLICATION FOR TEMPORARY RESTRAINING ORDER**

COMES NOW, Defendant National Skeet Shooting Association d/b/a National Sporting Clays Association ("NSSA" or "Defendant") and files this Response in Opposition to Plaintiff's Motion for Reconsideration of Order Denying Temporary Restraining Order and Renewed Application for Temporary Restraining Order, and would show the Court as follows:

1. As more fully set out in the NSSA's Response in Opposition to Plaintiff's Application for Temporary Restraining Order, (Dkt. No. 7), Plaintiff cannot carry his high burden to establish that this court has standing or that (1) there is a substantial likelihood that Plaintiff will prevail on the merits of his suit; (2) there is a substantial threat that Plaintiff would suffer irreparable injury without an injunction; (3) Plaintiff's threatened injury outweighs the threatened harm to Defendant; and (4) granting the injunction will serve the public interest. *See United States v. Jefferson Cty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) ("The preliminary injunction is an

extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites.")(cleaned up).

2. In addition, despite what Plaintiff infers in his Motion, the Notice letter sent to Plaintiff cannot be the basis for a breach of contract claim (nor does Plaintiff claim that it could) and one sentence in a letter stating that additional materials would be provided does not make Plaintiff substantially likely to succeed on the merits of a breach of contract action based on the NSCA Rules.

3. Further, Powell's disciplinary history was not adjudicated during this most recent disciplinary action; but it was necessarily considered. Plaintiff cannot sanitize his past, including the fact that this is the third time in the last 15 months that the NSCA Executive Council has met to address formal complaints of rule violations by Mr. Powell. *See* e.g. Doc. 7-1, Declaration of Michael Hampton at ¶ 30. That cannot be ignored. Just like the Federal Sentencing Guidelines allow for increased sentences based on past convictions, so too the NSCA Executive Council must be allowed to consider a member's past conduct, discipline, and past relationship with the NSCA in determining the extent of discipline necessary in a particular circumstance.

4. Plaintiff's Motion for Reconsideration and Renewed Application for Temporary Restraining Order should be denied.

## PRAYER

WHEREFORE, Defendant prays that the Court deny Plaintiff's Motion for Reconsideration and Renewed Application for Temporary Restraining Order and award Defendant all other and further relief to which it may be entitled.

Dated: August 13, 2026

Respectfully submitted,

**DYKEMA GOSSETT PLLC**
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

By: */s/ Ryan D. Landry*
Ryan D. Landry
State Bar No. 24133526
Email: rlandry@dykema.com

***ATTORNEYS FOR DEFENDANT NATIONAL SKEET SHOOTING ASSOCIATION D/B/A NATIONAL SPORTING CLAYS ASSOCIATION***

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed on this 13th day of August, 2026, and a copy of this document was delivered via e-mail to Plaintiff's counsels of record.

Marshall B. Swanson
State Bar No. 24098490
E-mail: MSwanson@cokinoslaw.com
COKINOS | YOUNG
10999 IH-10 West, Suite 800
San Antonio, Texas 78230
(210) 293-8700 (Office)
(210) 293-8744 (Fax)

Stephen A. Hess
Bar No. 16899
Email: stephen@stephenahess.com
THE LAW OFFICES OF STEPHEN A. HESS, P.C.
111 South Tejon, Suite 102
Colorado Springs, Colorado 80903
(719) 471-4516 (Office)
*(Pending Pro Hac Vice Admission)*

***ATTORNEYS FOR PLAINTIFF***
***BRANDON POWELL***

*/s/ Ryan D. Landry*
Ryan D. Landry