**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BRANDON POWELL,** | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 5:26-cv-05102-FB |
| **NATIONAL SKEET SHOOTING ASSOCIATION d/b/a NATIONAL SPORTING CLAYS ASSOCIATION,** | § | |
| Defendant. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING TEMPORARY RESTRAINING ORDER [DKT. NO. 9] AND RENEWED APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Brandon Powell ("Powell") respectfully files this Reply in support of his Motion for Reconsideration [Dkt. No. 13] and in response to Defendant's Opposition thereto [Dkt. No. 14], and shows the Court as follows:

## I. NSCA DOES NOT CONTEST THE LEGAL BASIS FOR RECONSIDERATION

1. National Skeet Shooting Association d/b/a National Sporting Clays Association's ("NSCA") Opposition does not challenge the legal standard governing reconsideration of interlocutory orders. It does not dispute that a Temporary Restraining Order ("TRO") denial is an interlocutory order subject to revision under Fed. R. Civ. P. 54(b). It does not contest that the Court's mootness ruling rested on an incorrect factual premise; that the U.S. Open Main Event does not commence until August 15, 2026. It does not argue that the Motion for Reconsideration is procedurally improper or untimely. These points are effectively conceded. As such, the sole basis for the Court's denial has been corrected, and the motion is ripe for decision on the merits.

## II. POWELL IS LIKELY TO SUCCEED ON THE MERITS

2. In its Response in Opposition, NSCA does not deny that the bulk of the witness statements and the host club's submission were withheld from Powell before the Executive Council ruled. In its response, NSCA dismisses this as merely "one sentence in a letter" that "cannot be the basis for a breach of contract claim." [Dkt. No. 14 at ¶ 2]. NSCA's statement mischaracterizes the argument. Powell's breach of contract claim rests on NSCA's failure to follow its own Rules, not on the notice letter alone. The notice letter is independently significant because it *promised* disclosure: "**Upon receipt of any supplemental materials, copies will be forwarded to you so that you may review them and, if you choose, address them in your response**." Ex. A-6 to NSCA's Response in Opposition [Dkt. No. 7] (emphasis added). The Northbrook materials arrived on July 15 and July 17, 2026, and Powell's response was not submitted until July 24, 2026. Exs. A-4, A-5 to NSCA's Response in Opposition [Dkt. No. 7]. NSCA had those materials in hand and sent Powell nothing. The promise of disclosure is evidence that even NSCA understood its process required the member to see the evidence before the Council ruled. Its failure to honor that promise is evidence of the fundamental unfairness that Texas law makes reviewable.

3. Further, NSCA's Response in Opposition argues that Powell's "disciplinary history was not adjudicated during this most recent disciplinary action; but it was necessarily considered," analogizing to the Federal Sentencing Guidelines. [Dkt. No. 14 at ¶ 3]. That analogy fails. Under the Federal Sentencing Guidelines, a criminal defendant *knows* his criminal history will be considered because the Guidelines say so explicitly, the presentence report discloses it, and the defendant has a right to object. Powell had none of these protections. An NSCA member cannot be expected to defend against uncharged conduct he was never told would be considered.

4. Three weeks ago, the Dallas Court of Appeals (the same court that decided the two cases on which NSCA principally relies) reversed a social club's suspension, fine, and forced-apology

sanction against two members because the club had not complied with its own constitution. *Emeanua v. Umunna Bu Ike, Social Club, Inc.*, No. 05-24-00851-CV, 2026 WL 2124192 (Tex. App.—Dallas July 22, 2026, no pet. h.) (mem. op.). In *Emeanua*, two members of a Texas nonprofit social club sued the club after its ethics committee process resulted in their suspension. 2026 WL 2124192, at *1. The club imposed the same kind of composite sanction NSCA imposed here: a period of suspension, a fine, and a required letter of apology as a condition of return. *See Id.* at *4. The trial court entered judgment for the club, finding that it "complied with its constitution" and "did not breach any agreement" with the members. *Id.* at *3.

5. The Dallas Court of Appeals reversed. It began from the uncontested premise NSCA resists here: the constitution and bylaws "amount[] to a valid contract between the Club and its members." *Id.* at *4 (citing *High Rd. on Dawson v. Benevolent & Protective Order of Elks of the United States of Am., Inc.*, 608 S.W.3d 869, 880 (Tex. App.—Houston [14th Dist.] 2020, pet. denied)). It then construed the disciplinary provision de novo, held that the club's "simple majority" requirement "unambiguously means more than fifty percent of those voting," and held that the vote fell short. *Id.* at *5. Because the only finding supporting the discipline failed, the court reversed the take-nothing judgment on the members' breach-of-contract claims and remanded for proceedings on liability and damages. *See Id.* at *6.

6. Two features of *Emeanua* bear directly on this case: First, NSCA relies on *Harden v. Colonial Country Club*, 634 S.W.2d 56 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.) for the proposition that courts should not intervene in a voluntary organization. *Emeanua* draws the distinction that matters: *Harden* involved a member seeking a declaration that club rules were invalid, and the *Harden* court itself contemplated a different case, one in which a member is "wronged by a breach of contract and forced to sue for damages resulting from the breach." 2026 WL 2124192, at *7. "The [members] have alleged just such a case." *Id.* So has Powell. Second, the Dallas court reached the merits without

requiring any threshold showing of pecuniary loss, on a record in which the only evidence was that the members "have lost some benefits of membership, including pecuniary benefits." *Id.* at *4. Powell's showing his loss of a professional career, terminated sponsorships, and exclusion from the only sanctioned competition in the country, meets that standard and is of a different magnitude entirely.

7. What NSCA calls incontestable "discretion" is the power to choose a sanction. It is not a power to convict on secret evidence, to punish uncharged conduct, or to disregard the mandatory sequence the Rules impose before discretion is ever reached. *Emeanua* is the precise analog: the club there had the power to suspend, fine, and require an apology; what it lacked was compliance with the conditions its own constitution placed on the exercise of that power. 2026 WL 2124192, at *5–*6. NSCA has the power to discipline, what it lacks is a charge that encompassed what it punished, disclosure of the evidence it relied upon, and compliance with its own mandatory procedural sequence.

8. Beyond the two points addressed above, NSCA's response merely incorporates by reference its original opposition [Dkt. No. 7] and asserts that Powell "cannot carry his high burden." [Dkt. No. 14 at ¶ 1.] It offers no new argument, no analysis of the reconsideration standard, and no response to the factual correction that eliminates the sole basis for the Court's prior ruling. The arguments in NSCA's original opposition were made before the Court ruled on mootness grounds without reaching the merits. They remain fully addressed in Powell's Emergency Application [Dkt. No. 3] and the Verified Complaint [Dkt. No. 1], both of which are incorporated herein by reference.

## III. CONCLUSION

9. NSCA has not challenged the legal basis for reconsideration or disputed the factual correction that eliminates the sole ground on which the TRO was denied. On the merits, NSCA withheld evidence, punished uncharged conduct, and failed to follow its own mandatory procedures. This is precisely the circumstance under which Texas courts have allowed intervention. Powell

respectfully requests that the Court grant the Motion for Reconsideration and grant the relief pled for therein.

Respectfully submitted,

COKINOS | YOUNG

*/s/ Marshall B. Swanson*

Marshall B. Swanson
State Bar No. 24098490
10999 IH-10 West, Suite 800
San Antonio, Texas 78230
Tel: (210) 293-8752
E-mail: MSwanson@cokinoslaw.com

Stephen A. Hess
Colorado Bar No. 16899
THE LAW OFFICES OF
STEPHEN A. HESS, P.C.
111 South Tejon, Suite 102
Colorado Springs, Colorado 80903
Tel: (719) 471-4516
E-mail: stephen@stephenahess.com
(admitted pro hac vice)

***ATTORNEYS FOR PLAINTIFF BRANDON POWELL***

**CERTIFICATE OF SERVICE**

I certify that on August 13, 2026, a true and correct copy of the foregoing was served on counsel of record for Defendant via the Court's CM/ECF system and by electronic mail.

*/s/ Marshall B. Swanson*
Marshall B. Swanson